# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esteban Chipel-Chivalan, | No. CV-26-02627-PHX-DWL (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

In their response to the OSC, Respondents do not dispute Petitioner entered the United States without inspection in 2009 and has resided continuously in the United States since then. (Doc. 8.) The Court therefore finds Petitioner's circumstances are virtually indistinguishable from *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which the undersigned determined detention for individuals like Petitioner is governed by § 1226, not § 1225(b)(2)(A). Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent the Petition seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within fourteen (14) days." (Doc. 8 at 8.) The Court concludes that the Petition should be granted, at a minimum, for the reasons set forth in *Echevarria*. The Court will order the bond hearing be provided within seven (7) days, consistent with its Orders in

other matters.[1]

**IT IS ORDERED:**

1.  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the request for a bond redetermination hearing.  The petition is otherwise **denied**.

2.  Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before detention.

3.  Respondents must provide a notice of compliance within three days of releasing Petitioner or providing a bond hearing.

4.  Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 22nd day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[1] The Court agrees with Respondents that Petitioner's remaining claims under the Suspension Clause, the state-created danger doctrine, and the Administrative Procedure Act do not warrant his release from custody and must be dismissed.

- 2 -