# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esteban Chipel-Chivalan, | No. CV-26-02627-PHX-DWL (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

On April 22, 2026, the Court issued an order granting Petitioner's § 2241 habeas petition in relevant part. (Doc. 9.) Judgment was entered that same day. (Doc. 10.) Respondents have since filed a notice of compliance confirming that Petitioner was granted bond following the court-ordered bond hearing. (Doc. 13.)

It has now come to the Court's attention that Petitioner filed an amended § 2241 habeas petition on April 20, 2026, two days before entry of judgment. (Doc. 7.) As a result, the April 22, 2026 order should have granted the amended habeas petition rather than the original habeas petition and the judgment should have reflected the same. Because Petitioner has already been released on bond, this clarification likely has no practical effect, but in an abundance of caution, the Court will order that the judgment be amended under Rule 60(a), which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and "may do so on motion or on its own, with or without notice."

….

Accordingly,

**IT IS ORDERED** that the Clerk enter an amended judgment reflecting that "Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is granted as to the request for a bond redetermination hearing and this action is hereby closed."

Dated this 12th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -